**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTIAN M. SMITHSON,** | : | |
| **Plaintiff** | : | **No. 1:14-cv-1866** |
| | : | |
| | : | **(Judge Kane)** |
| | : | |
| **MARIAH BRITTANY RIZZO, <u>et al.</u>,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before this Court is Defendants Jonathan Burnham, Matthew Hamilton, Jeffrey Gotwals, and the Pennsylvania State Police's motion to dismiss the amended complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 34.)

**I. BACKGROUND**

On August 29, 2014, Plaintiff Christian M. Smithson filed a <u>pro se</u> complaint pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas of York County, Pennsylvania alleging violations of his constitutional rights. (Doc. No. 1-1 at 2-3.) Plaintiff challenged the criminal charges filed against him and alleged claims of false arrest and malicious prosecution. (Doc. Nos. 1-1 at 3-5; 1-2 at 6.) Defendants filed a notice of removal on September 25, 2014. (Doc. No. 1.) On April 7, 2015, this Court adopted the Report and Recommendation of Magistrate Judge Blewitt, dismissed with prejudice Plaintiff's claims against the Pennsylvania State Police and claims for money damages under the Pennsylvania Constitution, and dismissed without prejudice Plaintiff's remaining claims. (Doc. Nos. 31, 32.)

On October 20, 2015, Plaintiff submitted an amended complaint against the Pennsylvania State Police Department, the York County District Attorney's Office, and Troopers Burnham, Hamilton and Gotwals. (Doc. No. 33.) The amended complaint brings numerous counts against

---

[1] The Court refers to Plaintiff's complaint "re-filed from judgment of dismissal without prejudice" as Plaintiff's amended complaint. (Doc. No. 33.)

the Defendants, alleging violations under the United States Constitution, the Pennsylvania

Constitution, 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986, and the Pennsylvania Criminal Code,

including 18 Pa. Cons. Stat. §§ 4902, 4903, 4904, 4906, 4911, 5101, 5107, and 5301.[2]  (Id.)

Plaintiff seeks an award of damages in excess of $206,316,000.00.  (Id. at 4.)

        The events giving rise to the present civil rights action not clearly outlined in the

amended complaint.  On September 5-6, 2012 in York County, Pennsylvania, Plaintiff Christian

M. Smithson was involved in an "incident" that led to his arrest.  (Doc. Nos. 24 at 2, 33.)  The

amended complaint raises iterations of two claims: (1) that a "victim/witness statement" included

false information; and (2) that Trooper Burnham committed perjury during a preliminary hearing

and Plaintiff's jury trial.  (Doc. No. 33 at 2-3, 14-16, 33, 42-44, 47, 50, 54.)

        First, as to the "victim/witness statement," Trooper Burnham allegedly submitted a

statement to Trooper Gotwals on or about the morning of September 6, 2012.  (Id. at 15-16.)

The content of the statement is unclear.[3]  The statement appears to have accused Plaintiff of

committing attempted homicide, aggravated assault, and simple assault.  (Id. at 2-3, 15-16.)

Plaintiff claims that Defendants knew or should have known that the submitted statement was

false.  (Id. at 3.)  In the amended complaint, Plaintiff describes how Trooper Burnham failed to

correct the statement (id. at 12-14), how Trooper Hamilton did not object to the statement (id. at

34, 37-38), how Trooper Gotwals forwarded the statement to the York County District

---

[2] For example, in his amended complaint, Plaintiff brings numerous counts of perjury and
false swearing against Defendants; three counts of unsworn falsifications to authorities against
Defendants Burnham, Hamilton, and Gotwals; and two counts of false reports to law
enforcement authorities and tampering with public records or information against Defendants
Burnham and Hamilton.  (Doc. No. 33.)

[3] Plaintiff describes the "victim/witness statement" as "verbal statements provided by
Trooper Jonathan D. Burnham" or "oral and then written submission of his victim/witness
statement form filed" by Trooper Burnham with Trooper Gowals.  (Doc. No. 33 at 14, 50.)

Attorney's Office (id. at 42; see id. at 3, 50), and how the Pennsylvania State Police Department

accepted the falsified statement without further investigation (id. at 47).

Second, as to the perjury allegations, Plaintiff alleges that Trooper Burnham gave false

testimony at a preliminary hearing on October 25, 2012 and during Plaintiff's jury trial in

September 2015 before the Court of Common Pleas of York County, Pennsylvania.  (Id. at 8-11,

18.)  Following a jury trial, Plaintiff was found guilty on September 17, 2015 of multiple charges

including aggravated assault by vehicle, recklessly endangering another person, and one count of

unlawful restraint - serious bodily injury.[4]  (Doc. Nos. 36-1 at 4-5, 8-9; 36-2 at 6.)  Plaintiff was

found not guilty, inter alia, of attempted homicide, four counts of aggravated assault, and four

counts of unlawful restraint - serious bodily injury.  (Doc. Nos. 36-1 at 8, 36-2 at 6.)  Judge

Maria Musti Cook sentenced Plaintiff on November 6, 2015.  (Doc. Nos. 36-1 at 4, 36-2 at 4.)

Plaintiff filed an appeal to the Superior Court of Pennsylvania on December 17, 2015, and the

Superior Court of Pennsylvania dismissed the appeal on March 28, 2016.[5]

On November 3, 2015, Defendants Burnham, Hamilton, Gotwals, and the Pennsylvania

State Police ("PSP Defendants") filed a motion to dismiss the amended complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 34.)  PSP Defendants filed a brief in

support of the motion to dismiss on November 17, 2015 (Doc. No. 36), and Plaintiff filed a brief

---

[4] On September 17, 2015, Plaintiff was found guilty of charges including (1) aggravated
assault by vehicle, recklessly endangering another person, fleeing or attempting to elude officer,
and one count of unlawful restraint - serious bodily injury for offenses committed on September
5, 2012 (Doc. No. 36-1 at 4-5, 8-9); and (2) receiving stolen property, fleeing or attempting to
elude officer, and theft by unlawful taking - movable property for offenses committed on
September 6, 2012 (Doc. No. 36-2 at 6).

[5] The Court takes judicial notice of the docket in: Commonwealth of Pennsylvania v.
Christian Michael Smithson, CP-67-CR-0000709-2013,
https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-67-CR-0000709-
2013; and Commonwealth of Pennsylvania v. Christian Michael Smithson, CP-67-CR-0007794-
2012, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-67-CR-
0007794-2012.

in opposition on December 2, 2015 (Doc. No. 40; <u>see</u> Doc. No. 35).  The motion is now ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  <u>See</u> Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).  A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  <u>See</u> <u>In re Ins. Brokerage Antitrust Litig.</u>, 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the

complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III.   DISCUSSION

PSP Defendants first contend that Plaintiff's Section 1981, 1938 and 1985 claims are barred by <u>Heck v. Humphrey</u>.  (<u>Id.</u> at 4, 8-9.)  Second, PSP Defendants argue that Plaintiff's claims under the Pennsylvania Constitution and Plaintiff's claims against the Pennsylvania State Police were previously dismissed with prejudice.  (<u>Id.</u> at 4, 9-11.)  Third, PSP Defendants challenge whether Plaintiff has adequately pleaded his Sections 1981, 1985(3) and 1986 claims. (<u>Id.</u> at 12-13.)  The Court begins by discussing <u>Heck v. Humphrey</u>.

### A.   <u>Heck v. Humphrey</u>: Favorable Termination Rule

PSP Defendants contend that Plaintiff's Section 1983, 1985, and 1986 claims are barred by the favorable termination rule announced in <u>Heck v. Humphrey</u>.  (Doc. No. 36 at 8.)  Plaintiff responds that a jury found him not guilty of "heinously falsified accusations" and that the verdict indicates that the "trial court did not believe the falsifications forwarded by the instant Defendants."[6]  (Doc. No. 40 at 7.)

Under the favorable termination rule, "a litigant cannot proceed under § 1983 if success on his claim would necessarily imply the invalidity of the fact or duration of his conviction or

---

[6] As a threshold matter, this Court finds that Plaintiff's "convictions on some but not all of the charges" (<u>see</u> Doc. Nos. 36-1 at 8, 36-2 at 6), does not "establish the favorable termination of the criminal proceeding as a whole." See <u>Kossler v. Crisanti</u>, 564 F.3d 181, 188, 190 (3d Cir. 2009).  The disposition of Plaintiff's criminal proceedings does not indicate Plaintiff's "innocence of the alleged misconduct underlying the offenses charged."  <u>Id.</u>

sentence." See Cook v. City of Philadelphia, 179 F. App'x 855, 857 (3d Cir. 2006) (internal

citation omitted).  In Heck v. Humphrey, the Supreme Court held, in pertinent part, as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (footnote omitted).  "In applying this principle, a court's central

inquiry should be whether a judgment in favor of the § 1983 plaintiff would necessarily imply

the invalidity of the state conviction or sentence." Marable v. W. Pottsgrove Twp., 176 F. App'x

275, 280 (3d Cir. 2006) (internal citations omitted).

Here, the Court construes Plaintiff's numerous allegations as a malicious prosecutions

claim against Defendants pursuant to Section 1983.  (Doc. No. 33.)  These allegations would, if

proven, necessarily invalidate his conviction.  See Long v. Atlantic City Police Dept., 670 F.3d

436, 447 (3d Cir. 2012) (claim that defendants conspired to convict plaintiff barred by Heck);

Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [a

plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded

criminal charges against him"); Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995).  Furthermore,

the disposition of Plaintiff's criminal proceedings does not indicate Plaintiff's innocence or

establish a favorable termination.[7]  Kossler v. Crisanti, 564 F.3d 181, 188 (3d Cir. 2009); see

(Doc. Nos. 36-1 at 4-5, 8-9; 36-2 at 6.)  Accordingly, the Court will dismiss Plaintiff's Section

1983 claims pursuant to Heck v. Humphrey.

---

[7] "[T]he favorable termination of some but not all individual charges does not necessarily
establish the favorable termination of the criminal proceeding as a whole."  Kossler v. Crisanti,
564 F.3d 181, 188 (3d Cir. 2009).

**B.     Claims previously dismissed with prejudice**

PSP Defendants contends that Plaintiff's claims against the Pennsylvania State Police and claims for monetary relief under the Pennsylvania Constitution were previously dismissed with prejudice.  (Doc. No. 36 at 9-10.)  The Court agrees.

On April 7, 2015, in an order adopting Magistrate Judge Blewitt's Report and Recommendation, this Court dismissed with prejudice Plaintiff's prior claims for money damages under the Pennsylvania Constitution and claims against the Pennsylvania State Police.  (Doc. No. 32 at 1.)  "[M]onetary relief is barred for claims under the Pennsylvania Constitution …."  Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 688 (3d Cir. 2011).  Plaintiff's claims against the Pennsylvania State Police are barred under the Eleventh Amendment to the United States Constitution.  (Doc. No. 21 at 3 n.2); see Ellington v. Cortes, 532 F. App'x 53, 56 (3d Cir. 2013).  Therefore, the Court will dismiss Defendant Pennsylvania State Police and Plaintiff's claims for monetary relief under the Pennsylvania Constitution from the amended complaint.

**C.     Sections 1981, 1985(3) and 1986**

PSP Defendants move the Court to dismiss Plaintiff's claims under 42 U.S.C §§ 1981, 1985(3), and 1986.  (Doc. No. 36 at 12, 14.)  First, PSP Defendants argue that Plaintiff's claim under Section 1981 should be dismissed because Plaintiff fails to allege that he is a member of a racial minority.  (Doc. No. 36 at 14-15.)  "In order to state a claim under § 1981, a plaintiff 'must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts....'"  Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001).

Here, Plaintiff has not alleged that he is a member of a racial minority.  Thus, Plaintiff has failed to adequately allege a claim under 42 U.S.C § 1981.

Second, PSP Defendants argue that Plaintiff's claims under Section 1985(3) should be dismissed because Plaintiff has alleged no facts demonstrating a conspiracy.  (Doc. No. 36 at 12.)  Plaintiff responds that Defendants committed "criminal act[s]" that resulted in the deprivation of rights protected by 42 U.S.C §§ 1985(3) and 1986.  (Doc. No. 40 at 10-11.) "Section 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'"  Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006).  Here, Plaintiff fails to allege either a conspiracy under Section 1985(3) or that Plaintiff is a member of a protected class.  Schlager v. Beard, 398 F. App'x 699, 702 (3d Cir. 2010).  At most, the amended complaint claims that Defendants Hamilton and Gotwals' failure to object to Defendant Burnham's "testimony would have been perceived as an agreement that all stated facts [in victim/witness statement] were true."  (Doc. No. 33 at 34-35, 41.)  Accordingly, the Court will also dismiss Plaintiff's claims under 42 U.S.C §§ 1985(3) and 1986.[8]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant PSP Defendants' Rule 12(b)(6) motion to dismiss.  (Doc. No. 34.)  The Court finds that Plaintiff should not be granted leave to amend the complaint because amendment would be futile.  An order consistent with this memorandum follows.

---

[8] "Having failed to allege any violation of § 1985(3)," the amended complaint "cannot state a claim under § 1986."  Foskey v. Rendell, 261 F. App'x 428, 430 (3d Cir. 2008) (citing Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir.1994)).